administrator is a trustee, whose office and duty it is to defend the estate of the intestate for the benefit of the creditors and legatees. For this purpose he so far represents them, that they are bound by any judgment or decree against him, which, by affecting the assets, may affect their interests. This is clearly the general rule: to which, under particular circumstances; as in cases of collusion with the executor, or administrator; there may be exceptions; but this is not such a case. In the case of Peacock v. Monk, 1 Ves. Sr. 127, it was admitted by the counsel, who objected to the want of parties, that, generally speaking, on a demand against an executor, it is not necessary to bring the creditors before the court, the executor being the proper person to defend; but they endeavoured to make an exception in that case, on the ground that the demand was out of a specific thing, and not out of assets, and that the executor, being one of the contractors, might be partial. But the objection was, even in that case, overruled, upon the principle before mentioned. The same doctrine is laid down in the case of Newland v. Champion, Id. 106, and in the case of Wiser v. Blachly, 2 Johns. Ch. 488. See, also, 2 Madd. Ch. Pr. 152, in which it is laid down, as a general rule, that the creditors cannot be made parties defendants. We are therefore of opinion that this objection cannot be maintained.

---

## Case No. 2,220.

BURTON v. VARNUM.

[2 Cranch, C. C. 524.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

JUSTICE OF THE PEACE—JURISDICTION.

A creditor cannot. without the consent of the debtor. relinquish part of his claim so as to bring it within the jurisdiction of a justice of the peace.

[Cited in Hellrigle v. Dulany. Case No. 6.343.]
[See Porter v. Rapine. Case No. 11.288; Cazenove v. Darrel. Id. 2,539; Maddox v. Stewart, Id. 8,934.]

Appeal from a justice of the peace.

The balance of the account upon which the justice issued his warrant was $68, which figures had been erased and altered to $50; but the account still showed that the real balance was $68. The defendant, before the justice, objected to his jurisdiction; but, the plaintiff having afterwards given up the difference, ($18,) the justice gave judgment for $50, with interest from the date of the judgment till paid.

THE COURT (nem. com.) decided, that the justice had not jurisdiction, and that the plaintiff could not give it in that way without the consent of the defendant to the credit.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

BUSCH (CHICAGO FRUIT HOUSE CO. v.). See Case No. 2,669.

BUSCH (THOMPSON v.). See Case No. 13,944.

---

## Case No. 2,221.

In re BUSE.

[3 N. B. R. 215 (Quarto, 52).] [1]

District Court, E. D. Missouri. 1870.

BANKRUPTCY—RIGHTS OF LIEN CREDITOR.

A lien creditor cannot be required to surrender until his liability or debt is discharged.

In bankruptcy. Scheele was served with a rule to show cause why he should not deliver to assignee two horses belonging to the bankrupt, or pay the value of the same. On return of the rule it appeared that Scheele had purchased of the bankrupt two horses, for which he paid three hundred and fifty dollars cash, and that at request of Buse he became security in an appeal from a judgment rendered by a justice of the peace for two hundred dollars, and that the bankrupt had deposited with him two hundred dollars, to indemnify him against his liability as a security in the appeal bond, and that the suit was still pending on the appeal.

PER CURIAM. It appears that the horses were sold and purchased in good faith before the commencement of the proceedings in bankruptcy, and paid for in cash. For the two hundred dollars deposited with Scheele to indemnify him as a security in the appeal; as the suit is still pending, and the security may be called upon to pay the debt, this proceeding is premature; for, until. his liability is determined, the creditor may retain the pledge. Rule discharged.

---

## Case No. 2,222.

In re BUSH.

[6 N. B. R. 179; [2] 6 West Jur. 274.]

District Court, N. D. New York. Feb. 6, 1872.

BANKRUPTCY—NATURE OF THE PROCEEDING—WHO MAY APPLY TO ANNUL THE ADJUDICATION—NOTICE TO BANKRUPT.

1. The application of creditors other than the petitioning creditor in a bankruptcy proceeding for an order annulling the adjudication on the ground that there was an agreement of compromise preceding the commencement of bankruptcy proceedings to which agreement the petitioning creditor was a party, must be denied.

[Cited in Re Bergeron, Case No. 1,342.]

2. The proceeding by a petitioning creditor to force his debtor. into bankruptcy is a proceeding inter partes like an ordinary action at law or suit in equity. and until the adjudication is had. they are the only parties. No outside creditor has a right to resist the adjudication or to ask that it be annulled.

[Cited in Re Mendelsohn. Case No. 9,420; In re Donnelly, 5 Fed. 785.]

---

[1] [Reprinted by permission.]

[2] [Reprinted from 6 N. B. R. 179, by permission.]